A. David Youssefyeh (185994)
Liza Youssefyeh (192945)
A|D|Y L<small>AW</small> G<small>ROUP</small>, P.C.
1875 Century Park East, Suite 1025
Los Angeles, California  90067
Telephone:   (310) 772-2872
Facsimile:    (310) 388-3907

Attorneys for Creditor,
SEPEHR KAMJOO

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NICOLE MARIE WRIGHT<br><br>―――――――――――<br>SEPEHR KAMJOO, an individual,<br><br>   Plaintiff,<br><br> v.<br><br>NICOLE MARIE WRIGHT, an individual<br><br>   Defendant. | Case No.  2:09-bk-22372-ER<br><br>Chapter: 7<br><br>Adv. No.<br><br>**COMPLAINT FOR:**<br><br>**1) DETERMINATION OF NON-DISCHARGEABILITY 11 U.S.C. § 523(a)(2)(A);**<br>**2) DETERMINATION OF NON-DISCHARGEABILITY 11 U.S.C. § 523(a)(2)(B);**<br>**3) DETERMINATION OF NON-DISCHARGEABILITY 11 U.S.C. § 523(a)(6);**<br>**4) OBJECTION TO DISCHARGE 11 U.S.C. § 727 (a)(2) and (3); and**<br>**5) OBJECTION TO DISCHARGE 11 U.S.C. § 727 (a)(5).** |

– 1 –

COMPLAINT

Plaintiff, Sepehr Kamjoo ("Kamjoo"), hereby complains against Defendant Nicole Marie Brown ("Brown") as follows:

### JURISDICTION

1. This Bankruptcy Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, 11 U.S.C. § 523 and 11 U.S.C. § 727 because the proceeding arises in or is related to the pending bankruptcy case of In Re Nicole Marie Wright, presently pending before the United States Bankruptcy Court for the Central District of California.

2. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

### GENERAL ALLEGATIONS

4. The Defendant, an individual residing in the County of Los Angeles, State of California, is the debtor in bankruptcy case no. 2:09-bk-22372-ER which was filed on May 20, 2009 under Chapter 7 of the U.S. Bankruptcy Code ("Petition").

5. Plaintiff is an individual residing in the County of Los Angeles, State of California. Plaintiff is Defendant's CPA.

6. Plaintiff is the holder of a claim against Defendant arising prior to the filing of the Petition.

### THE DEBT TO PLAINTIFF

7. Plaintiff's claim arises from loans obtained by the Defendant, from Plaintiff, on or about August 2007 and January 2008 ("Loans").

8. At the time of getting the Loans Defendant informed Plaintiff that she was going to invest the proceeds of the loans to expand her business.

9. At the time of the getting the loans Defendant provided Plaintiff with business information, financial information and other information and documentation that showed she had the ability to pay back the loans.

10. In reasonable reliance upon Defendant's statements and documents, Plaintiff lent

1  Defendant a total of $80,000.00.

2  11.    Plaintiff is informed and believes that Defendant made false statements to Plaintiff, and provided documents to him, that exaggerated her assets, that stated her intention and ability of paying back the Loans and concealed the fact that instead of investing the money in her business she was actually using the money to fund her expensive life style and that Defendant had no intentions of ever using the money to expand her business.

12.    Plaintiff is informed and believes Defendant made such false representations with knowledge of their falsity and with intent to induce Plaintiff to fund the loans.

13.    Plaintiff is informed and believes that after January 1, 2009, Defendant knew that she could not repay the Loans and/or had no intention of repaying the Loans, nevertheless, on or about January 10, 2009, Defendant promised to repay the Loans without the intent, or the ability, to perform the promise.  The sole purpose of Defendant's actions at this time was to hinder and/or delay Plaintiff's efforts to collect amounts that were rightfully due him.

## **DEFENDANT'S FAILURE TO LIST ASSETS AND SOURCES OF INCOME IN HER PETITION**

14.    Plaintiff is informed and believes that for years Defendant has led a very lavish lifestyle and including the owning of multiple cars, multiple homes and lots of expensive jewelry and personal property.  In addition, Defendant was the owner/shareholder in multiple companies and also rented out her real properties to various tenants for income.

15.    In contract to that, in her Petition, Plaintiff has denied owning any other companies, renting out any of her properties and owning very little in jewelry and personal property.

16.    Plaintiff is also informed and believes Defendant perjured herself at her 341a hearing and deliberately provided the Trustee with materially false information in order to shield her assets from her creditors.

## **FIRST CLAIM FOR RELIEF**
## **(DETERMINATION OF NON-DISCHARGEABILITY 11 U.S.C. § 523(a)(2)(A))**

17.    Plaintiff hereby incorporates by reference paragraph 1-16 of this Complaint as if set forth in full herein.

18. As noted herein above, on multiple occasions, the Defendant obtained an extension, renewal, or refinancing of credit false pretenses, a false representation, or actual fraud.

19. That the representations made by Defendant were false and Defendant knew them to be false at the time that she made them.

20. That Defendant made said representations with the intent of deceiving Plaintiff.

21. Due to Defendant's representations Plaintiff has been damaged in an amount not less than $80,000.

22. The debt owed by Defendant to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF

## (DETERMINATION OF NON-DISCHARGEABILITY 11 U.S.C. § 523(a)(2)(B))

23. Plaintiff hereby incorporates by reference paragraph 1-22 of this Complaint as if set forth in full herein.

24. As noted herein, in order to induce Plaintiff to give her a loan, Defendant provided Plaintiff with documents respecting her financial condition that were materially false and/or asked Plaintiff to rely upon documents respecting Defendant's financial condition that the Defendant had already provided to Plaintiff that were materially false.

25. Plaintiff reasonably relied upon Defendant's representations in the documents concerning her financial condition and her representations that she intended to pay back the loans.

26. Defendants knew about the falsity in these documents but she nevertheless caused the Plaintiff to believe in these documents and representations with the intent to deceive Plaintiff into giving her the Loans.

27. At no time prior to lending money to Defendant, nor at anytime thereafter, did Defendant disclose to Plaintiff that she had no intention of paying back the Loans.

28. Defendant's representations were false and Defendant knew that they were false at the time that she made them.

29. Due to Defendant's representations Plaintiff has been damaged in an amount not less than $80,000.

30. The debt owed by Defendant to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

## THIRD CLAIM FOR RELIEF

### (DETERMINATION OF NON-DISCHARGEABILITY 11 U.S.C. § 523(a)(6))

31. Plaintiff hereby incorporates by reference paragraph 1-30 of this Complaint as if set forth in full herein.

32. Defendant perpetuated an actual fraud against Plaintiff as a result of her unlawful act of obtaining and procuring the Loans from Plaintiff by fraudulently inducing Plaintiff to give her the Loans.

33. Defendant's act of obtaining and procuring the Loans from the Plaintiff by fraud was intentional and willful.

34. Defendant's act of obtaining and procuring the Loans from the Plaintiff by fraud was without just cause or excuse and was therefore, malicious.

35. Defendant deliberately and intentionally injured Plaintiff when she deliberately and intentional obtains the Loans from him through fraud.

36. Due to Defendant's representations Plaintiff has been damaged in an amount not less than $80,000.

37. The debt owed by Defendant to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## FOURTH CLAIM FOR RELIEF

### (OBJECTION TO DISCHARGE 11 U.S.C. § 727 (a)(2) and (3))

38. Plaintiff hereby incorporates by reference paragraph 1-37 of this Complaint as if set forth in full herein.

39. Plaintiff is informed and believes and thereon alleges that Defendant has not accounted for substantial funds and assets in her Petition and bankruptcy proceeding including during her 341a examination.

40. Plaintiff is informed and believes and thereon alleges that Defendant, with the intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of the property under Title 11 of the United States Code, transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of Defendant, within one year before filing her bankruptcy in violation of 11 U.S.C. § 727(a)(2).

41. Plaintiff is informed and belies and thereon alleges that Defendant concealed, destroyed falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which her financial condition or business transactions might be ascertained, in violation of 11 U.S.C. § 727(a)(3).

42. Based upon the above conduct, Defendant is not entitled to discharge under Section 727 of the United States Bankruptcy Code.

### FIFTH CLAIM FOR RELIEF
### (OBJECTION TO DISCHARGE 11 U.S.C. § 727 (a)(5))

43. Plaintiff hereby incorporates by reference paragraph 1-42 of this Complaint as if set forth in full herein.

44. Plaintiff is informed and believes and thereon alleges that Defendant has failed to explain satisfactorily any loss of assets or deficiency of assets to meet her liabilities.

45. Including, but not limited, Defendant has not explained satisfactorily how she disposed of the funds received from Plaintiff's Loans.

46. Based upon the above conduct, Defendant is not entitled to discharge under Section 727 of the United States Bankruptcy Code.

WHEREFORE, the Plaintiff prays for judgment against Defendant as follows:

**ON THE FIRST, SECOND AND THIRD CAUSES OF ACTION**

1. That Defendant's debt to Plaintiff is non-dischargeable
2. For reasonable attorneys' fees;
3. For costs of suit incurred herein; and

4. For such other and further relief that is just and appropriate.

ON THE FOURTH AND FIFTH CAUSES OF ACTION

1. The Defendant is not entitled to a discharge under Section 727 of the U.S. Bankruptcy Code

2. For reasonable attorneys' fees;

3. For costs of suit incurred herein; and

4. For such other and further relief that is just and appropriate.

DATED: August 16, 2009                    Respectfully submitted,

A|D|Y L<small>AW</small> G<small>ROUP</small>, P.C.


By:_____/s/_____
                    A. David Youssefyeh

Attorneys for Creditor,
SEPEHR KAMJOO

COMPLAINT