

1   Baruch C. Cohen, Esq. (SBN 159455)
    **LAW OFFICE OF BARUCH C. COHEN**
2        A Professional Law Corporation
    4929 Wilshire Boulevard, Suite 940
3   Los Angeles, California 90010
    (323) 937-4501        Fax (323) 937-4503
4   e-mail: BCC4929@aol.com
    Linkedin Profile: http://www.linkedin.com/in/baruchcohen
5
    *Attorney For Debtor/Defendant Nicole Marie Wright*
6

7

8

9                  **UNITED STATES BANKRUPTCY COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

11                      **LOS ANGELES DIVISION**

12  | In re | Case No. 2:09-bk-22372-ER |
13  | | Adversary # 2:09-ap-02009-ER |
    | NICOLE MARIE WRIGHT | Before the Honorable Ernest Robles |
14  | | Chapter 7 |
    | Debtor | |
15

16

17 | SEPEHR KAMJOO | **MOTION TO DISMISS <u>UNTIMELY</u> COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBTS AND FOR OBJECTION TO DISCHARGE;** |
18
19 | Plaintiff | **PURSUANT TO F.R.B.P. § 4004(a) & F.R.B.P. 4007©; F.R.C.P. §9(b) & F.R.C.P. §12(b)(6); F.R.B.P. §7009 & F.R.B.P. §7012; REQUEST FOR JUDICIAL NOTICE** |
20 | vs. |
21 | NICOLE MARIE WRIGHT |
22 | Defendant | Date: October 27, 2009 |
23 | | Time: 10:00 am |
    | | Place: Courtroom 1568 |
24 | | Edward Roybal Federal Building |
    | | 255 East Temple Street, Los Angeles, California |
25

26      TO PLAINTIFF SEPEHR KAMJOO AND HIS ATTORNEY OF RECORD:

27      PLEASE TAKE NOTICE that on October 27, 2009 at 10:00 am in the Courtroom of

28

1   the Honorable Ernest Robles, United States Bankruptcy Judge, Courtroom 1568 located at the

2   Edward Roybal Federal Building, 255 East Temple Street, Los Angeles, California, Debtor and

3   Defendant NICOLE MARIE WRIGHT (hereinafter referred to as "Defendant") will move this

4   Court for an order dismissing SEPEHR KAMJOO (hereinafter referred to as "Plaintiff")'s

5   *Complaint for Determination of Nondischargeability of Debts and for Objection to Discharge*

6   that was brought pursuant 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B), 11 U.S.C. §

7   523(a)(6), 11 U.S.C. § 727(a)(2), 11 U.S.C. § 727(a)(3), 11 U.S.C. § 727(a)(5). Defendant

8   brings this Motion to Dismiss pursuant to F.R.B.P. § 4004(a) & F.R.B.P. 4007©; F.R.C.P.

9   §9(b) & F.R.C.P. §12(b)(6); F.R.B.P. §7009 & F.R.B.P. §7012.

10      The *Motion* will be based on this Notice, on the attached Memorandum of Points and

11   Authorities, on such supplemental declarations, affidavits, memoranda of points and authorities

12   as may hereafter be filed with the Court, on all the papers and records on file in this action, and

13   on such oral and documentary evidence as may be presented at the hearing of the application.

14      Pursuant to Local Bankruptcy Rule 9013-1, any objection or response to this *Motion*

15   must be stated in writing, filed with the Clerk of the Court and served on Defendant and her

16   counsel no later than fourteen days prior to the hearing. Failure to so state, file and serve any

17   opposition may result in the Court failing to consider the same.

18

19   DATED:        September 8, 2009              LAW OFFICE OF BARUCH C. COHEN
20                                               A Professional Law Corporation

21

22                                               By _____
                                                 Baruch C. Cohen, Esq.
23                                               *Attorney For Debtor/Defendant Nicole Marie Wright*

24

25

26

27

28

1

## TABLE OF CONTENTS

2  MEMORANDUM OF POINTS & AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-
      FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-
3      ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
         PLAINTIFF'S UNTIMELY COMPLAINT IS PROPERLY DISMISSED
4               PURSUANT TO BANKRUPTCY RULES 4004(A) AND 4007(C) . . -3-
               PLAINTIFF CANNOT CLAIM EXCUSABLE NEGLECT . . . . . . . -5-
5         PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED PURSUANT TO
               F.R.C.P. §12(b)(6), 9(b), F.R.B.P. 7012, 7009 . . . . . . . . . . . . . -6-
6         THE STANDARD ON A MOTION TO DISMISS . . . . . . . . . . . . . -6-
         PLAINTIFFS' 1ST CAUSE OF ACTION FOR FRAUD UNDER
7               11 U.S.C. § 523 (A)(2)(A) FAILS TO STATE FACTS
               SUFFICIENT TO CONSTITUTE A CLAIM FOR RELIEF
8               AND IS PROPERLY DISMISSED . . . . . . . . . . . . . . -8-
         PLAINTIFFS' CAUSE OF ACTION FOR FRAUD UNDER 11
9               U.S.C. § 523 (A)(2)(B) FAILS TO STATE FACTS
               SUFFICIENT TO CONSTITUTE A CLAIM FOR RELIEF
10              AND IS PROPERLY DISMISSED . . . . . . . . . . . . -12-
         PLAINTIFFS' CAUSE OF ACTION FOR WILLFUL AND
11               MALICIOUS INJURY TO THE PROPERTY OF
                ANOTHER UNDER 11 U.S.C. § 523 (A)(6) FAILS TO
12              STATE FACTS SUFFICIENT TO CONSTITUTE A
               CLAIM FOR RELIEF AND IS PROPERLY DISMISSED
13             . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-
         PLAINTIFFS' CAUSE OF ACTION TO DENY THE DEBTOR'S
14               DISCHARGE UNDER 11 U.S.C. § 727(A)(2) FAILS TO
                STATE FACTS SUFFICIENT TO CONSTITUTE A
15               CLAIM FOR RELIEF AND IS PROPERLY DISMISSED
             . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-
16         PLAINTIFFS' CAUSE OF ACTION TO DENY THE DEBTOR'S
               DISCHARGE UNDER 11 U.S.C. § 727(A)(3) FAILS TO
17               STATE FACTS SUFFICIENT TO CONSTITUTE A
               CLAIM FOR RELIEF AND IS PROPERLY DISMISSED
18             . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-
         PLAINTIFFS' CAUSE OF ACTION TO DENY THE DEBTOR'S
19               DISCHARGE UNDER 11 U.S.C. § 727(A)(5) FAILS TO
               STATE FACTS SUFFICIENT TO CONSTITUTE A
20             CLAIM FOR RELIEF AND IS PROPERLY DISMISSED
             . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-
21      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**CASES**

*11 U.S.C. § 523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

3

*11 U.S.C. §523(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-, -12-, -13-, -14-, -15-

4

*Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990) . . . . . . . . . . . . . . -6-

5

*Bosse v. Crowell Collier and MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977) . . . . . . . . . . -7-

6

*Byrd v. Alton* (In re Alton), 837 F.2d 457, 459 (11th Cir.1988) . . . . . . . . . . . . . . . . . . -6-

7

*Chase Manhattan Bank v. Carpenter (In re Carpenter)*, 53 B.R. 724 (N.D. Ga. 1985) . . . . -9-

8

*Conley v Gibson* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957) . . . . . . . . . . . . . . . . . . . -6-

9

*De La Cruz v Tormey* 582 F.2d 45, 48 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . -6-

10

*DeLesk v. Rhodes (In re Rhodes)*, 61 Bankr. 626 (Bankr. 9th Cir. 1986) . . . . . . . . . . . . . -5-

11

*European-American Bank v. Hill (In re Hill)*, 48 Bankr. 323 (N.D. Ga. 1985) . . . . . . . . . -5-

12

*First Nat'l Bank of Deerfield v. Lewis (In re Lewis)*, 71 Bankr. 633 (Bankr. N.D. Ill. 1987)

13
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

14

*Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (7th Cir. 1995) . . . . . . . . . . . . . -6-

15

*Grossie v. Sam*, 894 F.2d 778, 781 (5th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

16

*In re Criswell*, 52 B.R. 184 (Bankr. E.D.Va. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . -10-

17

*In re Fravel*, 143 Bankr. 1001 (Bankr. E.D.Va.1992) . . . . . . . . . . . . . . . . . . . . . . . . -8-

18

*In re Garcia*, 168 B.R. 403 (D. Ariz. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

19

*In Re John W. Hanes, Jr.*, 214 B.R. 786; 1997 U.S. Dist. LEXIS 18047 (E.D. Vir. 1997)

20
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

21

*In re Kearney*, 105 Bankr. 260 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

22

*In re Kirsh*, 973 F.2d 1454, 1460 (9th Cir., 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

23

*In re Kubick*, 171 B.R. 658, 660 (9th Cir. B.A.P. 1994) . . . . . . . . . . . . . . . . . . . . . . . -7-

24

*In re Lawson*, 122 F3d 1237 (CA9 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

25

*In re Meyer*, 120 F.3d 66, 68-69 (7th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

26

*In re Peklar*, 260 F.3d 1035, 1037 (9th Cir., 2001) . . . . . . . . . . . . . . . . . . . . . . . . . -13-

27

*In re Rubin*, 875 F.2d 755, 759 (9th Cir., 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

28

*In re Rychalsky*, 318 B.R. 61, 64 (Bankr.D.Del.2004) . . . . . . . . . . . . . . . . . . . . . . . -6-

1  *In re Schwartz & Meyers*, 130 Bankr. 416 (Bankr. S.D.N.Y.1991) . . . . . . . . . . . . . . . . -8-

2  *In re Schwartzman*, 63 B.R. 348, 355 (Bankr. SD Ohio 1986) . . . . . . . . . . . . . . . . . . . -7-

3  *In re Spar*, 176 B.R. 321 (Bankr. S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . -9-

4  *In re Theodore D. Pendergrass*, 376 B.R. 473 (Bankr.E.D.Pa. Sep 24, 2007) . . . . . . . . . . -4-

5  *In re Weinberg*, 337 B.R. 65, (E.D.Pa.2005), aff'd 197 Fed.Appx. 182 (3d Cir.2006) . . . . -4-

6  *In re Wyant*, 236 B.R. 684; 1999 Bankr. LEXIS 948; 34 Bankr. Ct. Dec. 1029 (Minn. 1999)
7  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

8  *Jones v. Hill*, 811 F.2d 484, 486-87 (9th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . -4-

9  *Matter of Scarlata*, 979 F.2d 1521 (7ᵗʰ Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

10  *McCuskey v. Central Trailer Serv., Ltd.*, 37 F.3d 1329, 1333 (8th Cir.1994) . . . . . . . . . -4-

11  *Montgomery Ward and Co. v. Gardner (In re Gardner)*, 55 Bankr. 89 (Bankr. D.C. 1985) . -5-

   *Montgomery Ward and Co., Inc. v. Blackburn (In re Blackburn)*, 68 B.R. 870 (Bankr. N.D.
12  Ind. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

13  *Moore vs. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir.1989) . . . . . . . . . . . . -7-

14  *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) . . . . . . . . . . . . . . . -6-

15  *Neeley v. Murchison*, 815 F.2d 345, 346 (5th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . -5-

16  *Neubronner v Milken*, 6 F.3d 666, 671 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . -7-

17  *Peoples Security Finance Co. v. Todd (In re Todd)*, 34 B.R. 633 (Bankr. W.D. Ky. 1983) . -9-

18  *Richard P. v. Vista Del Mar Child Care Service* (1980) 106 Cal.App.3d 860, 865.) . . . . . . -9-

19  *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

20  *Seeger v. Odell* (1941) 18 Cal.2d 409 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

21  *Semegen v. Weider*, 780 F.2d 727, 731 (9th Cir.1985 . . . . . . . . . . . . . . . . . . . . . . . . -7-

22  *Taylor*, 503 U.S. at 644, 112 S.Ct. at 1648 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

23  *United States v. Boyle*, 469 U.S. 241, 249, 105 S.Ct. 687, 692, 83 L.Ed.2d 622 (1985) . . . -5-

24  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S.
25  1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

26  **STATUTES**
   11 U.S.C. Sec. 727(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-
27
   11 U.S.C. Sec. 727(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-
28

1  11 U.S.C. § 523(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

2  11 U.S.C. § 727(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

3  11 U.S.C. §523(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

4  11 U.S.C. §523(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

5  11 U.S.C. §524(a)(1) and (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

6  Bankruptcy Rule  4007(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

7  Bankruptcy Rule 2002(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

8  Bankruptcy Rule 4004(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

9  Bankruptcy Rule 9006(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . -3-, -6-, -7-

10  California Jury Instruction BAJI 12.52 . . . . . . . . . . . . . . . . . . . . . . . . . -10-

11  Federal Rule of Bankruptcy Procedure 7009  . . . . . . . . . . . . . . . . . . . . . -7-

12  Federal Rule of Bankruptcy Procedure 7012  . . . . . . . . . . . . . . . . . . . . . -6-

13  Federal Rule of Bankruptcy Procedure 9011  . . . . . . . . . . . . . . . . . . . . . -16-

14  Federal Rule of Civil Procedure 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . -6-

15  Federal Rule of Civil Procedure 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

16  Section 523(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

17

18

19

20

21

22

23

24

25

26

27

28

F:\DOCS\NICOLE-MARIE-WRIGHT\DISMISS.MOT.wpd        -iv-
9/8-10:09pm

1    ## REQUEST FOR JUDICIAL NOTICE

2      Debtor and Defendant NICOLE MARIE WRIGHT (hereinafter referred to as

3    "Defendant") by and through her attorney, hereby requests the Court to take judicial notice

4    pursuant to Federal Rule of Evidence 201:

5

6      (1) that **August 17, 2009** was the deadline to file complaints for nondischargeability of

7    debts in the chapter 7 bankruptcy case entitled: *In re Nicole Marie Wright*, Case No. 2:09-bk-

8    22372-ER; and

9

10      (2) that on **August 18, 2009** Plaintiff SEPEHR KAMJOO (hereinafter referred to as

11    "Plaintiff") filed this adversary Complaint for Determination of Nondischargeability of Debts

12    and for Objection to Discharge pursuant 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B),

13    11 U.S.C. § 523(a)(6), 11 U.S.C. § 727(a)(2), 11 U.S.C. § 727(a)(3), 11 U.S.C. § 727(a)(5),

14    entitled: *Sepehr Kamjoo Vs. Nicole Marie Wright*, Adversary # 2:09-ap-02009-ER.

15

16    DATED:  September 8, 2009    LAW OFFICE OF BARUCH C. COHEN
                  A Professional Law Corporation

17

18                       By
                   Baruch C. Cohen, Esq.

19                       *Attorney For Debtor/Defendant Nicole Marie Wright*

20

21

22

23

24

25

26

27

28

1    1.    **MEMORANDUM OF POINTS & AUTHORITIES**

2         a.    **FACTS**

3         The Debtor/Defendant NICOLE MARIE WRIGHT  (hereinafter referred to as

4    "Defendant") filed her bankruptcy on **May 20, 2009**.

5         The Defendant properly listed her former accountant SEPEHR KAMJOO (hereinafter

6    referred to as "Plaintiff") as a general unsecured creditor.[1]

7         The  Notice of Chapter 7 Bankruptcy Case Meeting of Creditor and Deadlines

8    (hereinafter referred to as the "Notice") set <u>**August 17, 2009**</u> as the deadline to file complaints

9    for nondischargeability of debts. Plaintiff was properly notified of the deadline as he was listed

10   in the BANS proof of Service to the Notice.[2]

11        Page 2 of the Notice has an explanation entitled: "Discharge of Debts" that provides:

12        *"The debtor is seeking a discharge of most debts, which may include your debt. A
         discharge means that you may never try to collect the debt from the debtor. If you*
13       *believe that the debtor is not entitled to receive a discharge under Bankruptcy
         Code § 727 (a) or that a debt owed to you is not dischargeable under Bankruptcy*
14       *Code § 523 (a) (2), (4), or (6), you must start a lawsuit by filing a complaint in
         the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to*
15       *Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed
         on the front side. The bankruptcy clerk's office must receive the complaint and*
16       *any required filing fee by that Deadline."*

17        Plaintiff appeared at the Debtor's 341(a) meeting on June 17, 2009 and questioned the

18   Debtor.

19        On July 31, 2009, with less than the mandatory 21 days notice, Plaintiff filed an

20   <u>**untimely**</u> *Motion for 2004 Examination of Debtor and for Production of Documents* unilaterally

21   setting the 2004 examination on August 13, 2009 and a 36-point document demand for August

22   12, 2009, less than 13-14 days of notice - making it virtually impossible for the Debtor to file

23   protective orders (not less than 11 days before the examination)..No reasons were provided in

24   _____

25        [1]A true and correct copy of the Debtor's Schedule F - General Unsecured Creditors is
     attached hereto as Exhibit "1" and is incorporated herein by this reference.
26

27        [2]A true and correct copy of the Certificate of Notice of the Notice of Chapter 7 Bankruptcy
     Case Meeting of Creditor and Deadlines is attached hereto as Exhibit "2" and is incorporated
28   herein by this reference.

1  the 2004 Motion for why Plaintiff sat on his hands for 2.5 months since May 20, 2009 and

2  waited until the last minute to move this Court for a 2004 examination - depriving the Debtor of

3  her statutory 21-days notice..No reasons were provided in the 2004 Motion why it was not

4  brought on an ex parte basis for shortened notice. Accordingly, this Court denied Plaintiff's

5  2004 motion.

6      Ironically, Plaintiff cited the August 17, 2009 deadline in his 2004 motion:

7      *"Local Bankruptcy Rule 2004-1(c) provides that notice of a 2004 exam should be
        noticed 21 days out, "unless otherwise ordered by the court." In the case at bar,*
8      *since the deadline for nondischargability claims is currently set for **August 17,
        2009** and debtor is unwilling to stipulate to a short continuance of the date,*
9      *Credit Sep Kamjoo respectfully requests that the 2004 examination be schedule
        with less than 21 days notice."*
10

11 [2004 Motion, Page 3, lines 25-28, Page 4, 1-3.[3]

12     Of further irony, is the fact that on August 17, 2009, Plaintiff went on PACER to check

13 the ECF docket to determine which parties were entitled to received Electronic Mail Notice

14 from the Court. Plaintiff e-filed his Proof of Service on August 19, 2009 attesting same.[4]

15     On **August 18, 2009**, one-day past the deadline, Plaintiff efiled an untimely Complaint

16 for Determination of Nondischargeability of Debts and for Objection to Discharge pursuant 11

17 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B), 11 U.S.C. § 523(a)(6), 11 U.S.C. §

18 727(a)(2), 11 U.S.C. § 727(a)(3), 11 U.S.C. § 727(a)(5).[5]

19     b.   **ARGUMENT**

20         i.   **PLAINTIFF'S <u>UNTIMELY</u> COMPLAINT IS PROPERLY**

21

22     [3]A true and correct copy of Plaintiff's Motion for 2004 Examination  is attached hereto as
23 Exhibit "3" and is incorporated herein by this reference.

24     [4]A true and correct copy of Plaintiff's Proof of Service is attached hereto as Exhibit "4" and
   is incorporated herein by this reference. The Court should note that Plaintiff failed to serve
25 Defendant with the: Revised Early Meeting of Counsel, Joint Status Conference Instructions; nor
   the Amended Order re Telephonic Status Conference in Adversary Proceedings.
26

27     [5]A true and correct copy of the Court's WEBPACER docket for *Sepehr Kamjoo Vs. Nicole
   Marie Wright*, Adversary # 2:09-ap-02009-ER is attached hereto as Exhibit "5" and is incorporated
28 herein by this reference.

**DISMISSED PURSUANT TO BANKRUPTCY RULES 4004(A) AND**

**4007(C)**

Defendant files her motion to dismiss the complaint, on the ground that the Plaintiff's complaint was untimely filed because according to Bankruptcy Rules 4004(a) and 4007(c), the complaint must be filed *within* 60 days of the first date set for the meeting of creditors. Because Plaintiff had filed no motion to extend within sixty days after the first date set for the meeting of creditors, the last date to file was August 17, 2009.

Bankruptcy Rule 4004(a) states that:

*"a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)."*

Bankruptcy Rule 4007(c) states that:

*"Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired."*

Bankruptcy Rules 4004(a) and 4007(c) set a strict sixty day time limit within which a creditor may dispute the discharge of the debtor and the dischargeability of the debts. Bankruptcy Rules 4004(b) and 4007(c) also provide that there will be no extension of time to file a complaint unless a motion is made before the 60 day limit has expired. In addition, Bankruptcy Rule 9006(b)(3) provides that a "court may enlarge the time for taking action [under Rules 4004(a) and 4007(c)] only to the extent and under the conditions stated in those rules." Bankruptcy Rule 2002(f) requires the clerk to give notice of the deadline to the parties.

A party may request that the time limits be enlarged but that request must be made *before* the expiration of that time limit.  Bankruptcy Rules 4004(c), 4007(c), and 9006(b)(3).  No request for an extension was made by Plaintiff prior to expiration of the 60-day period.

In *In re Theodore D. Pendergrass*, 376 B.R. 473 (Bankr.E.D.Pa. Sep 24, 2007), the Court held that Bankruptcy Rules 4004(a) and 4007(c) serve the important bankruptcy goals of

1  finality and certainty, a concept embraced by the Supreme Court on review: "Deadlines may

2  lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor*, 503

3  U.S. at 644, 112 S.Ct. at 1648. This reasoning is equally applicable to the bar dates for

4  nondischargeability complaints. A primary purpose of Rule 4007(c) "is to enhance the efficient

5  administration of the estate by requiring creditors to act quickly to contest a debt or to surrender

6  this right forever." *In re Weinberg*, 337 B.R. 65, (E.D.Pa.2005), aff'd 197 Fed.Appx. 182 (3d

7  Cir.2006). See also *In re Meyer*, 120 F.3d 66, 68-69 (7th Cir.1997) (purpose of Rule 4007(c) is

8  to encourage creditors "to file their complaints speedily or lose them forever"); *McCuskey v.*

9  *Central Trailer Serv., Ltd.*, 37 F.3d 1329, 1333 (8th Cir.1994) (noting the basic purpose of Rule

10 4007(c) is to enhance the efficient administration of the estate); *Grossie v. Sam*, 894 F.2d 778,

11 781 (5th Cir.1990) (primary478 purpose of Rule 4007(c) is to administer the estate in an

12 efficient and expeditious manner); *Jones v. Hill*, 811 F.2d 484, 486-87 (9th Cir.1987) (Rule

13 4007(c) "avoids delay by requiring a party to file promptly rather just prior to the final

14 settlement of the bankruptcy case").

15      Section 523(c) evidences Congressional intent that a debtor shall be discharged even from

16 fraudulent debt unless the creditor acts. The rules promulgated to enforce this provision provide

17 a clear deadline with no language demonstrating that leniency may be allowed for any length of

18 tardiness. The result may seem harsh where the filing is but a single day late, but as the

19 Supreme Court has noted on more than one occasion, to hold otherwise is to tread down the

20 quintessential slippery slope: "if 1-day late filings are acceptable, 10-day late filings might be

21 equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by

22 the filing deadline; yet regardless of where the cutoff line is set, some individuals will always

23 fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate

24 harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if

25 the concept of a filing deadline is to have any content, the deadline must be enforced. "Any less

26 rigid standard would risk encouraging a lax attitude toward filing dates," *United States v. Boyle*,

27 469 U.S. 241, 249, 105 S.Ct. 687, 692, 83 L.Ed.2d 622 (1985). A filing deadline cannot be

28

1   complied with, substantially or otherwise, by filing late-even by one day.

2       Plaintiff's complaint was untimely filed according to Bankruptcy Rules 4004(a) and

3   4007(c). The Plaintiff's time to file his complaint began when the first date for the meeting of

4   creditors was set and ended on August 17, 2009. Absent a motion to extend, the date, once set,

5   does not change. See, e.g., *In re Kearney*, 105 Bankr. 260 (notice naming new trustee does not

6   extend time); *First Nat'l Bank of Deerfield v. Lewis (In re Lewis)*, 71 Bankr. 633 (Bankr. N.D.

7   Ill. 1987)(notice issued by second bankruptcy court after change of venue did not extend time);

8   *DeLesk v. Rhodes (In re Rhodes)*, 61 Bankr. 626 (Bankr. 9th Cir. 1986)(bankruptcy court's

9   failure to issue notice does not excuse creditor's failure to file complaint before deadline);

10  *Montgomery Ward and Co. v. Gardner (In re Gardner)*, 55 Bankr. 89 (Bankr. D.C. 1985)(court

11  has no ability to extend deadline even if the clerk miscalculated the date); *European-American*

12  *Bank v. Hill (In re Hill)*, 48 Bankr. 323 (N.D. Ga. 1985) (notice of continuation of creditors'

13  meeting does not extend time).

14            (1)    **PLAINTIFF CANNOT CLAIM EXCUSABLE NEGLECT**

15      In order to determine excusable neglect, the Court looks to the relevant circumstances

16  surrounding the Plaintiff's failure to act to determine whether the failure constitutes excusable

17  neglect. The excusable neglect argument fails for two reasons. In this case, the Plaintiff had

18  actual notice of the bankruptcy filing, the date of the scheduled 341 meeting, and of the date of

19  the complaints bar deadline. Any confusion regarding the appropriate deadline for filing a non-

20  dischargeability complaint cannot be claimed, since Plaintiff cited the deadline in his 2004

21  Motion. Such a scathing and embarrassing act of professional malpractice does not constitute

22  excusable neglect. Even if the Plaintiff's failure to act was found to be based upon excusable

23  neglect, the provisions of Rule 9006(b)(3) preclude the Court from extending the deadline under

24  Rule 4007(c) based upon excusable neglect. *Neeley v. Murchison*, 815 F.2d 345, 346 (5th

25  Cir.1987) (holding that Rule 9006(b)(3) explicitly excepts Rule 4007(c) from the "excusable

26  neglect" standard); *Byrd v. Alton* (In re Alton), 837 F.2d 457, 459 (11th Cir.1988) (holding that

27  Rule 4007(c) does not allow the Court any discretion to grant a late filed motion to extend time

28

1  to file a dischargeability complaint); but see *In re Rychalsky*, 318 B.R. 61, 64

2  (Bankr.D.Del.2004) (holding that applied equitable principles to extend 4007(c) deadline to

3  allow amendment adding fraud counts to timely filed complaint). Therefore, to the extent that

4  the Plaintiff's opposition will be based upon excusable neglect, it is unavailing. Plaintiff has

5  recourse, however, in proceeding against his counsel's malpractice insurance.

6            ii.      **PLAINTIFF'S COMPLAINT IS PROPERLY DISMISSED**

7                     **PURSUANT TO F.R.C.P. §12(b)(6), 9(b), F.R.B.P. §7012, 7009**

8                     (1)      **THE STANDARD ON A MOTION TO DISMISS**

9            Courts have increasingly recognized that under appropriate circumstances these motions

10  are useful and even necessary tools for disposing of insupportable claims. Thus, while the

11  court, in deciding a motion to dismiss, must accept as true all material allegations of a complaint

12  and construe them in the light most favorable to the plaintiff, *N.L. Industries, Inc. v. Kaplan*,

13  792 F.2d 896, 898 (9th Cir. 1986), it need not accept conclusory allegations, unwarranted

14  deductions or unreasonable inferences. *Western Mining Council v. Watt*, 643 F.2d 618, 624

15  (9th Cir. 1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed. 2d 474 (1981). This is

16  precisely the problem with Plaintiffs' Complaint.

17            Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy by Federal Rule

18  of Bankruptcy Procedure 7012, is similar to the common law general demurrer in that it tests the

19  legal sufficiency of the claim or claims stated in the Plaintiffs' complaint. A court must decide

20  whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy.

21  *Conley v Gibson* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *De La Cruz v Tormey* 582 F.2d

22  45, 48 (9th Cir. 1978).

23            Therefore, a Federal Rule of Civil Procedure 12(b)(6) dismissal motion is proper where

24  there is an absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

25  *Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill*,

26  58 F.3d 295, 297 (7th Cir. 1995). If a critical threshold element is missing from the Plaintiffs'

27  Complaint, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted.

28

1   This is precisely the problem with Plaintiffs' Complaint - alleged facts were not stated with
2   specificity.

3        Federal Rule of Civil Procedure 9(b), made applicable to bankruptcy by Federal Rule of
4   Bankruptcy Procedure 7009, states as follows: "In all averments of fraud or mistake the
5   circumstances constituting fraud or mistake shall be stated with particularity..." Federal Rule of
6   Civil Procedure 9(b). See, *In re Kubick*, 171 B.R. 658, 660 (9th Cir. B.A.P. 1994); citing *In re*
7   *Schwartzman*, 63 B.R. 348, 355 (Bankr. SD Ohio 1986).

8        Federal Rule of Civil Procedure 9(b) requires the identification of the specific
9   circumstances constituting fraud so the defendant can prepare an adequate answer to the
10  allegations. *Moore vs. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir.1989). In order to
11  properly allege fraud with particularity, the "pleader must state the time, place and specific
12  content of the false representations as well as the identities of the parties to the
13  misrepresentations." *Semegen v. Weider*, 780 F.2d 727, 731 (9th Cir.1985); *Bosse v. Crowell*
14  *Collier and MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977). The "particularity" requirement
15  serves to provide defendants with adequate notice of both the nature and grounds of the claim, to
16  protect defendants from the reputational harm associated with fraud claims and to prevent the
17  filing of claims merely to discover unknown wrongs. *Neubronner v Milken*, 6 F.3d 666, 671
18  (9th Cir. 1993).

19       The fraud allegations must be specific enough to give the defendant notice of the
20  particular misconduct which is alleged to constitute the fraud, so that they can defend against the
21  charge and not just deny that they have done anything wrong. *Semegen v. Weider*, supra.,
22  *Neubronner v Milken*, supra. Allegations that are vague or conclusory are insufficient to satisfy
23  the "particularity" requirement of F.R.C.P. 9(b). *Moore v. Kayport Package Express*, supra, at
24  540.

25       Satisfying the pleading requirement of Fed. R. Civ. P. 9(b), requires that the time, place,
26  and nature of the Debtor's alleged misrepresentation be set forth so that the Debtor's alleged
27  intent to defraud is evident in the Plaintiffs' Complaint. *Ross v. Bolton*, 904 F.2d 819, 823 (2d

28

1  Cir. 1990).

2      Throughout his *Complaint*, Plaintiff failed to plead with particularity the details of

3  Defendant's alleged fraud. Plaintiffs' *Complaint* fails to specify the precise time, place or

4  content of any of Defendant's alleged fraudulent conduct. The allegations presented in Plaintiffs'

5  *Complaint* are the garden variety examples of vagueness that the F.R.C.P. was designed to

6  combat and prevent. Plaintiffs' *Complaint* fails to identify with sufficient particularity a specific

7  instance of misconduct by Defendant (i.e., who, what where?).

8                    (2)    **PLAINTIFFS' 1ST CAUSE OF ACTION FOR FRAUD UNDER**

9                           **11 U.S.C. § 523 (A)(2)(A) FAILS TO STATE FACTS**

10                          **SUFFICIENT TO CONSTITUTE A CLAIM FOR RELIEF**

11                          **AND IS PROPERLY DISMISSED**

12     The holding in *In re Rubin*, 875 F.2d 755, 759 (9th Cir., 1989) provides:

13     The elements of a claim for fraudulent misrepresentation under section
       523(a)(2)(A) are: (1) a representation of fact by the debtor, (2) that was material,
14     (3) that the debtor knew at the time to be false, (4) that the debtor made with the
       intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the
15     creditor's reliance was reasonable, and (7) that damage proximately resulted from
       the misrepresentation.
16

17     To support a 11 U.S.C. §523(a)(2)(A) action, Plaintiff must establish that Defendant

18  made a false representation with respect to existing and ascertainable facts. (*In re Fravel*, 143

19  Bankr. 1001 (Bankr. E.D.Va.1992); *In re Schwartz & Meyers*, 130 Bankr. 416 (Bankr.

20  S.D.N.Y.1991).)

21     Plaintiff claims that Defendant's representations were false without providing factual

22  allegations to establish this to be the case. Rather, this is a conclusory statement by Plaintiff, just

23  as the one which follows on its heels - that the "misrepresentations" were made with the intent

24  do induce Plaintiff's reliance thereon. Plaintiff alleges in its *Complaint* that in order to induce

25  him to lend Defendant money Defendant represented that she would repay the loan. " *Plaintiff's*

26  *claim arises from loans obtained by the Defendant, from Plaintiff, on or about August 2007 and*

27  *January 2008 ("Loans"). At the time of getting the Loans Defendant informed Plaintiff that she*

28

1  *was going to invest the proceeds of the loans to expand her business. At the time of the getting*

2  *the loans Defendant provided Plaintiff with business information, financial information and*

3  *other information and documentation that showed she had the ability to pay back the loans*."

4  Plaintiff does not identify the "business information" the "financial information" and the "other

5  information" and the "documentation" that showed she had the ability to pay back the loans.

6  Defendant is left guessing.

7      Further, the failure to perform a mere promise is not sufficient to make a debt

8  nondischargeable, even if there is no excuse for the subsequent breach. A debtor's statement of

9  future intention is not necessarily a misrepresentation if intervening events cause the debtor's

10  future actions to deviate from previously expressed intentions. (*Matter of Scarlata*, 979 F.2d

11  1521 (7th Cir. 1992); see also *In re Spar*, 176 B.R. 321 (Bankr. S.D.N.Y. 1994); *Peoples*

12  *Security Finance Co. v. Todd (In re Todd)*, 34 B.R. 633 (Bankr. W.D. Ky. 1983).) To be

13  actionable, a misrepresentation must ordinarily be as to past or existing material facts.

14  "[P]redictions as to future events, or statements as to future action by some third party, are

15  deemed opinions, and not actionable fraud." (5 Witkin, Summary of Cal. Law (9th ed. 1988)

16  Torts, § 678, pp. 779-780; *Richard P. v. Vista Del Mar Child Care Service* (1980) 106

17  Cal.App.3d 860, 865.)

18      The debtor's insolvency or inability to pay does not by itself provide a sufficient basis for

19  inferring the debtor's intent. (*Chase Manhattan Bank v. Carpenter (In re Carpenter)*, 53 B.R.

20  724 (N.D. Ga. 1985); *Montgomery Ward and Co., Inc. v. Blackburn (In re Blackburn)*, 68 B.R.

21  870 (Bankr. N.D. Ind. 1987).)

22      The court in *In re Kirsh*, 973 F.2d 1454, 1460 (9th Cir., 1992) held:

23      Thus, we conclude that a creditor must prove justifiable reliance upon the
    representations of the debtor. In determining that issue, the court must look to all

24      of the circumstances surrounding the particular transaction, and must particularly
    consider the subjective effect of those circumstances upon the creditor.

25

26      The *Kirsh* court based its opinion on the California Supreme Court's holding in *Seeger v.*

27  *Odell* (1941) 18 Cal.2d 409. California Jury Instruction BAJI 12.52 is intended to verbalize the

28

1   rule of *Seeger*, as follows:

2   > To establish fraud by a false representation or promise, plaintiff must not only act
    > in reliance on it, but must be justified in that reliance, that is, it was reasonable in
3   > the light of the circumstances and plaintiff's intelligence, experience and
    > knowledge, to accept the representation or promise without making an
4   > independent inquiry or investigation.

5   While Plaintiff argues a material misrepresentation, there is none cited in Plaintiff's

6   promise to repay the loans. On this point alone, Plaintiff's cause of action fails. Assuming,

7   *arguendo*, that the material misrepresentation which Plaintiff argues, that is, that Defendant

8   promised to repay the loans when she knew that the debt would not be repaid, is buried

9   somewhere in the statement of facts, it simply does not qualify as actionable. First, such a

10  representation concerns a future event, and therefore does not satisfy the element of a material

11  misrepresentation. Second, the facts negate any such finding. The Debtor made subsequent

12  monthly payments to Plaintiff. Third, a promise to pay which is not kept, at best, is a breach of

13  contract, not fraud.

14  Defendant's alleged representation that she had the financial wherewithal to repay

15  Plaintiff's loans, was at best, an expression of Defendant's opinion, and therefore, cannot

16  support Plaintiff's claim of false representation. *See*, *In re Criswell*, 52 B.R. 184 (Bankr.

17  E.D.Va. 1985)(holding that false representation for purposes of § 523(a)(2)(A) must be one of

18  existing fact and not an expression of opinion). See also, *In Re John W. Hanes, Jr.*, 214 B.R.

19  786; 1997 U.S. Dist. LEXIS 18047 (E.D. Vir. 1997)(expression of opinion cannot support the

20  Estate's claim of false representation).

21  The readily troublesome problem, assuming Plaintiff actually perceived an unmistakable

22  impression from Defendant during the negotiations prior to the loans that Defendant had the

23  financial wherewithal to repay Plaintiff is how to translate that impression into a representation

24  that can be tested for veracity.

25  The alleged misrepresentation that Defendant made does not amount to past or present

26  statements of fact. They are at best, opinions, and more specifically, statements respecting the

27  financial condition of Defendant which would be expressly prohibited from serving as a basis of

28

1  nondischargeability under § 523(a)(2)(A). *In re Wyant*, 236 B.R. 684; 1999 Bankr. LEXIS 948;

2  34 Bankr. Ct. Dec. 1029 (Minn. 1999).

3      The falsity of an opinion is not easily subject to determination, if at all, except in

4  hindsight. In fact, an opinion cannot really be false at its moment of utterance because whether

5  it is the right or wrong assessment of a situation may only be finally evaluated, if at all, at some

6  later time. An opinion as to Defendant's financial ability to pay legal fees in the future may

7  prove itself accurate or terribly wrong eventually, or it may languish eternally without

8  consensus.

9      There are no such opinions, only variables. If Defendant told Plaintiff that she had the

10  financial wherewithal to repay Plaintiff's loans months ahead of time, she no doubt believed as

11  much. The proof is that Defendant paid Plaintiff since taking out the loans. The purpose of

12  §523(a)(2)(A) is not to punish a debtor who was wrong, even terribly wrong about her

13  predictions and opinions, but to protect creditors from debtors who knowingly misinform the

14  creditor in such a way that induces the creditor to participate in the transaction.

15      At the time the Loan Agreements were executed, Defendant intended to perform

16  thereunder. At the time Defendant signed the Loan Agreements she intended to repay Plaintiff's

17  debt. Plaintiff cannot infer intent to deceive from the alleged damage caused by Defendant's

18  nonpayment of the Loan Agreements.

19      Assuming that Plaintiff did not do an investigation or would not have done so solely as a

20  matter of sound business, Plaintiff does not state what it would have found had it done such an

21  investigation, and how that information would have caused him not to enter into the Loan

22  Agreements.

23      Finally, Plaintiff omits any mention of reliance, let alone justifiable reliance, on

24  Defendant's alleged misrepresentations (which Defendant never made).

25      Plaintiff cannot state a cause of action for fraud pursuant to 11 U.S.C. §523(a)(2)(A),

26  and said claim is properly dismissed.

27          (3)    **PLAINTIFFS' CAUSE OF ACTION FOR FRAUD UNDER 11**

28

1  **U.S.C. § 523 (A)(2)(B) FAILS TO STATE FACTS**

2  **SUFFICIENT TO CONSTITUTE A CLAIM FOR RELIEF**

3  **AND IS PROPERLY DISMISSED**

4  Section 523(a)(2)(B) provides, in relevant part, that a debtor cannot be discharged from

5  any debt to the extent it is obtained by use of a statement in writing– (i) that is materially false;

6  (ii) respecting the debtor's ... financial condition; (iii) on which the creditor to whom the debtor

7  is liable ... reasonably relied; and (iv) that the debtor caused to be made or published with intent

8  to deceive.

9  Plaintiff's complaint fails to state with any specificity what statement in writing

10  respecting the debtor's ... financial condition on which the creditor to whom the debtor is liable

11  ... reasonably relied; and that the debtor caused to be made or published with intent to deceive?

12  What "business information" what "financial information" or "other information" did

13  Defendant show Plaintiff that she had the ability to pay back the loans?

14  Plaintiff's complaint admits that he was Defendant's accountant. During the course of the

15  Defendant's accountant-client relationship, it would be expected that the Defendant must have

16  submitted her financial information to her accountant (Plaintiff) to assist in her tax preparations.

17  But Plaintiff does not distinguish between financial information submitted to Plaintiff for the

18  purpose of the Debtor's taxes and documents submitted to induce the unidentified loans. We are

19  left to guess and speculate. The Defendant must question whether Plaintiff is maintaining that

20  the tax documents he prepared on behalf of Debtor was false? Did Plaintiff commit tax fraud in

21  advancing false tax returns to the taxing authorities?

22  Plaintiff cannot state a cause of action for fraud pursuant to 11 U.S.C. §523(a)(2)(B),

23  and said claim is properly dismissed.

24  (4)    **PLAINTIFFS' CAUSE OF ACTION FOR WILLFUL AND**

25  **MALICIOUS INJURY TO THE PROPERTY OF ANOTHER**

26  **UNDER 11 U.S.C. § 523 (A)(6) FAILS TO STATE FACTS**

27  **SUFFICIENT TO CONSTITUTE A CLAIM FOR RELIEF**

28

1    **AND IS PROPERLY DISMISSED**

2    11 U.S.C. § 523(a)(6) excepts from discharge any debt incurred by "willful and

3    malicious injury," and provides in pertinent part: "(a) A discharge under section 727 . . . of this

4    title does not discharge an individual debtor from any debt ... (6) for willful and malicious

5    injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6)

6    (emphasis added). In order for a debt to be held nondischargeable under §523(a)(6), Plaintiff

7    must prove that injury resulted from an act that was both willful and malicious.

8    The discussion in *In re Peklar*, 260 F.3d 1035, 1037 (9th Cir., 2001) is of assistance:

9    Conversion is defined under California state law as "the wrongful exercise of
     dominion over the personal property of another." (Citation.) ... Under California
10   law, "a conversion is not per se always a willful and malicious injury to the
     property of another." (Citation.) ... The Court [in *Kawaauhau v. Geiger*, 523
11   U.S. 57 (1998)] stated that "[t]he word 'willful' in [11 U.S.C. §523] (a)(6)
     modifies the word 'injury,' indicating that nondischargeability takes a deliberate
12   or intentional injury, not merely a deliberate or intentional act that leads to
     injury." Id. at 61. ... See *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1207
13   (9th Cir.), ... (relying on Geiger, stating that "it must be shown not only that the
     debtor acted willfully, but also that the debtor inflicted the injury willfully and
14   maliciously rather than recklessly or negligently" ... [F]ailure to prove
     conversion is fatal to an argument that defendant's conduct caused "willful and
15   malicious injury." It does not mean the converse-that proof of conversion
     necessarily establishes such injury. (Emphasis added.)
16

17   None of these elements were plead in the Plaintiff's Complaint. What was Plaintiff's

18   property that wrongfully and maliciously converted? The Complaint is silent on this. This

19   allegation like the previous one is not pled in good faith and cannot be pled in good faith

20   because owing money and not paying a debt, is not tantamount to willfully and maliciously

21   injuring the property of another.

22   Plaintiff cannot state a cause of action for fraud pursuant to 11 U.S.C. §523(a)(6), and

23   said claim is properly dismissed.

24   (5)    **PLAINTIFFS' CAUSE OF ACTION TO DENY THE**

25   **DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727(A)(2)**

26   **FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A**

27   **CLAIM FOR RELIEF AND IS PROPERLY DISMISSED**

28

1        Two elements comprise an objection to discharge under 11 U.S.C. § 727(a)(2)(A): 1) a

2   disposition of property by or at the sufferance of the debtor by transfer, removal, destruction,

3   mutilation, or concealment; and 2) a subjective intent on the debtor's part to hinder, delay or

4   defraud a creditor through the act disposing of the property. Both elements must take place

5   within 1-year of May 20, 2009 (the one-year pre-filing period); acts and intentions occurring

6   before this period are forgiven. *In re Lawson*, 122 F3d 1237 (CA9 1997). Here, Plaintiff

7   complains of events that occurred in August 2007 and January 2008, both of which are

8   BEYOND the 1-year reach-back period of 11 U.S.C. § 727(a)(2)(A).

9        Further, this section is construed liberally in favor of the debtor and strictly against those

10   objecting to discharge. Before a court can refuse a discharge under 11 U.S.C. § 727(a)(2)(A), it

11   must be shown that there was an actual transfer of valuable property belonging to the debtor

12   which reduced the assets available to the creditors and which was made with fraudulent intent.

13   *In re Garcia*, 168 B.R. 403 (D. Ariz. 1994). Plaintiff's complaint fails to state with specificity

14   what assets were transferred, removed, destroyed, mutilated, or concealed? Plaintiff's complaint

15   fails to state with specificity what was Defendant's "very lavish lifestyle", fails to identify

16   Defendant's "multiple cars" "multiple homes" "expensive jewelry." Plaintiff's complaint fails

17   to state with specificity which corporations Defendant was an "owner/shareholder" in, and

18   which "properties" she allegedly rented out, and to which "tenants" for income.

19        Plaintiff cannot state a cause of action for fraud pursuant to 11 U.S.C. § 727(a)(2)(A),

20   and said claim is properly dismissed.

21                 (6)    **PLAINTIFFS' CAUSE OF ACTION TO DENY THE**

22                       **DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727(A)(3)**

23                       **FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A**

24                       **CLAIM FOR RELIEF AND IS PROPERLY DISMISSED**

25        Title 11 U.S.C. Sec. 727(a)(3) provides that a bankruptcy court may deny the discharge

26   of debts when: the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or

27   preserve any recorded information, including books, documents, records, and papers, from

28

1   which the debtor's financial condition or business transactions might be ascertained, unless such

2   act or failure to act was justified under all of the circumstances of the case.

3       Plaintiff's complaint fails to state with any specificity what recorded information of the

4   Debtor was concealed, destroyed, mutilated, falsified, or failed to keep?

5       Plaintiff cannot state a cause of action for fraud pursuant to 11 U.S.C. § 727(a)(3), and

6   said claim is properly dismissed.

7                    (7)     **PLAINTIFFS' CAUSE OF ACTION TO DENY THE**

8                            **DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727(A)(5)**

9                            **FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A**

10                           **CLAIM FOR RELIEF AND IS PROPERLY DISMISSED**

11      Title 11 U.S.C. Sec. 727(a)(5) provides that a bankruptcy court may deny the discharge

12  of debts when "the debtor has failed to explain satisfactorily, before determination of denial of

13  discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's

14  liabilities."

15      Plaintiff's complaint fails to state with *any* specificity what  loss of assets or deficiency of

16  assets to meet the debtor's liabilities the Debtor failed to explain satisfactorily. When and where

17  did Defendant fail to explain any of these deficiencies?

18      Plaintiff cannot state a cause of action for fraud pursuant to 11 U.S.C. § 727(a)(5), and

19  said claim is properly dismissed.

20      c.      **CONCLUSION**

21      Here, Plaintiff filed an untimely action which is indeed frivolous as a whole.  He has not

22  demonstrated nor can he in any of his causes of action either viable claims or standing to raise

23  them.  This is the essence of the complaint lacking liability and filed for the purpose of

24  harassment or unreasonable delay and it is particularly so when one examines the complaint

25  which consists of bare-bones boilerplate conclusions.

26      For the above reasons, Defendant prays that this Court dismiss Plaintiff's *Complaint* with

27  prejudice, that Plaintiffs not be granted leave to amend, that Plaintiff takes nothing by his

28

1   *Complaint*, and that Defendant's debt to Plaintiff be discharged. Further, Defendant prays that

2   this Court issue a finding of fact that the claims brought by Plaintiff are dischargeable, and that

3   pursuant to 11 U.S.C. §524(a)(1) and (2), this discharge should also serve to void any future

4   judgment to determine the personal liability of Defendant and operate as a permanent injunction

5   against any actions whether commenced pre-petition or post-petition. Further, Defendant prays

6   that this Court award Defendant's costs and reasonable attorney's fees in an amount which will

7   be ascertained, pursuant to 11 U.S.C. §523(d) and Federal Rule of Bankruptcy Procedure 9011.

8          WHEREFORE, the Debtors pray that the Court enter an order granting the *Motion* in its

9   entirety and providing for such other and further relief as this Court deems just.

10

11  DATED:          September 8, 2009          LAW OFFICE OF BARUCH C. COHEN
                                               A Professional Law Corporation
12

13                                             By
                                                  Baruch C. Cohen, Esq.
14                                             *Attorney For Debtor / Defendant Nicole Marie*
                                               *Wright*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| In re:<br>SEPEHR KAMJOO vs. NICOLE MARIE WRIGHT<br><br>Debtor(s). | CHAPTER 7<br>Case No. 2:09-bk-22372-ER<br>Adversary # 2:09-ap-02009-ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4929 Wilshire Boulevard MOTION TO DISMISS UNTIMELY COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBTS AND FOR OBJECTION TO DISCHARGE; PURSUANT TO F.R.B.P. § 4004(a) & F.R.B.P. 4007©; F.R.C.P. §9(b) & F.R.C.P. §12(b)(6); F.R.B.P. §7009 & F.R.B.P. §7012 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On   I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Baruch C Cohen - bcc4929@aol.com
Nancy Knupfer - nknupferlaw@yahoo.com, nknupfer@ecf.epiqsystems.com
Cassandra J Richey - cmartin@pprlaw.net
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
Gilbert B Weisman - notices@becket-lee.com
Afshin Youssefyeh - ady@adylaw.com

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On September 8, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
☐       Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date   September 8, 2009<br>Type Name **BARUCH C. COHEN** | Signature |
|---|---|

B6F (Official Form 6F) (12/07) - Cont.

In re    **Nicole Marie Wright**                                    Case No. _____
                                                    ,
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H | W J | C | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account No. 10044476<br><br>**Chase Auto**<br>**600 Community Drive**<br>**Manhasset, NY 11030** | - | | | | Opened 1/01/04  Last Active 10/17/07<br>Lease Deficiency | | | | 5,069.00 |
| Account No. 343880953<br><br>**I.C. System Inc.**<br>**444 Highway 96 East, P.O. Box 64887**<br>**Saint Paul, MN 55164** | - | | | | Sprint phone bill | | | | 165.46 |
| Account No.<br><br>**Sepehr Kamjoo**<br>**11040 Santa Monica Blvd, Suite 490**<br>**Los Angeles, CA 90025** | - | | | | Personal Loans for August 2007 and January 2008 Note | | | | 80,000.00 |
| Account No. 153457564125<br><br>**Us Bank Hogan Loc**<br>**Po Box 5227**<br>**Cincinnati, OH 45201** | - | | | | Opened 5/01/06  Last Active 4/10/09<br>CheckCreditOrLineOfCredit | | | | 1,005.00 |
| Account No. 4037840003340559<br><br>**Us Bank/na Nd**<br>**4325 17th Ave S**<br>**Fargo, ND 58125** | - | | | | Opened 5/01/06  Last Active 1/15/09<br>CreditCard | | | | 791.00 |

Sheet no. __2__ of __3__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

87,030.46

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/07)

| UNITED STATES BANKRUPTCY COURT | Central District Of California |
|---|---|

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A Chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on May 20, 2009.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at **U. S. Bankruptcy Court, 255 E. Temple Street, Room 940, Los Angeles, CA 90012.**

NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

| Debtor(s) (name(s) and address):<br>Nicole Marie Wright<br>9461 Charleville Blvd # 526<br>Beverly Hills, CA 90212 | Case Number:<br>**2:09-bk-22372-ER** |
|---|---|
| All other names used by the Debtor(s) in the last 8 years (include married, maiden and trade names):<br>Debtor:<br>Joint Debtor: | Last four digits of Social Security or Individual Taxpayer-ID (ITIN) No(s)./Complete EIN:<br>Dbt SSN: xxx-xx-4835 |
| Attorney for Debtor(s) (name and address):<br>Michael Jay Berger<br>9454 Wilshire Blvd 6th Flr<br>Beverly Hills, CA 90212-2929<br>Telephone number: 310-271-6223 | Bankruptcy Trustee (name and address):<br>Nancy Knupfer<br>Danning, Gill, Diamond & Kollitz<br>2029 Century Park East, 3rd Floor<br>Los Angeles, CA 90067-2904<br>Telephone number: (310) 201-2469 |

## Meeting of Creditors

Date: **June 17, 2009**    Time: **02:30 PM**
Location: **725 S Figueroa St., Room 101, Los Angeles, CA 90017**

## Presumption of Abuse under 11 U.S.C. § 707(b)

See *"Presumption of Abuse"* on the reverse side
The presumption of abuse does not arise.

## Deadlines

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to File a Complaint Objecting to Discharge of the Debtor *or* to Determine Dischargeability of Certain Debts: August 17, 2009**
**Deadline to Object to Exemptions:** Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So

## Creditor with a Foreign Address

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>255 East Temple Street,<br>Los Angeles, CA 90012<br>Telephone number: 213-894-3118 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Jon D. Ceretto |
|---|---|
| Hours Open: 9:00 AM - 4:00 PM | Date: May 28, 2009 |
| (Form rev. 12/07:341-B9A) | / |

Exhibit # __2__  Page # __1__

**EXPLANATIONS**                                                                     **B9A (Official Form 9A)(12/07)**

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. *The trustee is designated to preside at the meeting of creditors. The case is covered by the Chapter 7 blanket bond on file with the Court.* |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required filing fee by that Deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Proof of Debtor Identification (ID) and Proof of Social Security Number (SSN) | The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN. Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state–issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card. Proof of SSN includes Social Security Card, current W–2 form, pay stub, IRS Form 1099, Social Security Administration Report, or other official document which indicates name and SSN. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the **U. S. Bankruptcy Court, 255 E. Temple Street, Room 940, Los Angeles, CA 90012** . You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office at the address listed above. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Failure to File a Statement and/or Schedule(s) | **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS,** the debtor must do so, or obtain an extension of time to do so, within 15 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial Section 341(a) meeting of creditors and any continuance thereof, may result in dismissal of the case, unless leave of court is first obtained. If the debtor's case has not already been dismissed, AND DEBTOR FAILS TO DO ONE OF THE FOLLOWING WITHIN 45 DAYS AFTER THE PETITION DATE, subject to the provisions of Bankruptcy Code section 521(i)(4), the Court WILL dismiss the case effective on the 46th day after the petition date without further notice: (1) file all documents required by Bankruptcy Code section 521(a)(1); or (2) file and serve a motion for an order extending the time to file the documents required by this section.<br>**SI EL DEUDOR NO HA PRESENTADO UNA DECLARACIÓN Y/O LISTA(S) DE ACREEDORES Y/U OTROS DOCUMENTOS REQUERIDOS,** tendrá que hacerlo dentro de un plazo de 15 días a partir de la fecha de presentación de la petición o tendrá que obtener una extensión del plazo para hacerlo. Si no cumple usted este requisito, o si no comparece a la junta 341(a) inicial de acreedores o a cualquier aplazamiento, esto resultará en que se declare sin lugar el caso, a menos de que obtenga un permiso del tribunal. Si no se ha declarado sin lugar el caso del acreedor, Y EL ACREEDOR NO HACE UNA DE LAS SIGUIENTES COSAS DENTRO DE UN PLAZO DE 45 DÍAS A PARTIR DE LA FECHA DE LA PETICIÓN, de acuerdo con lo dispuesto en la sección 521(i)(4) del Código de Quiebras, el juez DECLARARÁ el caso sin lugar a partir de el 46o día después de la fecha de presentación de petición sin más notificación: (1) registrar en actas todos los documentos que requiere la sección 521(a)(1) del Código de Quiebras; o (2) registrar y hacer entrega formal de una moción para pedir una orden que extienda el tiempo en que se pueden registrar en actas los documentos que requiere dicha sección. |
| Bankruptcy Fraud and Abuse | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 725 S. Figueroa Street, 26th Floor, Los Angeles, CA 90017. |

**-- Refer to Other Side for Important Deadlines and Notices --**



**Exhibit #___2___ Page #___2___**

# CERTIFICATE OF NOTICE

```
District/off: 0973-2          User: wdelmundo         Page 1 of 2          Date Rcvd: May 28, 2009
Case: 09-22372               Form ID: b9a            Total Served: 29
```

The following entities were served by first class mail on May 30, 2009.
```
db            +Nicole Marie Wright,   9461 Charleville Blvd # 526,   Beverly Hills, CA 90212-3017
aty           +Michael Jay Berger,   9454 Wilshire Blvd 6th Flr,   Beverly Hills, CA 90212-2937
tr            +Nancy Knupfer,   Danning, Gill, Diamond & Kollitz,   2029 Century Park East, 3rd Floor,
               Los Angeles, CA 90067-2901
smg            Employment Development Dept.,   Bankruptcy Group MIC 92E,   P.O. Box 826880,
               Sacramento, CA  94280-0001
smg            Los Angeles City Clerk,   P.O. Box 53200,   Los Angeles, CA  90053-0200
ust           +United States Trustee (LA),   725 S Figueroa St, 26th Floor,   Los Angeles, CA 90017-5524
23819582      +Anne C. Adams,   7041 Owensmouth Ave. #103,   Canoga Park, CA 91303-4211
23819584      +Bank of America,   10850 White Rock Road, Suite 101,   Rancho Cordova, CA 95670-6082
23819586      +Byron Mauss,   Michelle Sabo Assayag,   2915 Redhill Ave, Suite 200,   Costa Mesa, CA 92626-5916
23819587      +Capital One Visa,   P.O. Box 70886,   Charlotte, NC 28272-0886
23819589      +Chase Auto,   600 Community Drive,   Manhasset, NY 11030-3825
23819590      +Countrywide Home Lending,   Attention: Bankruptcy SV-314B,   Po Box 5170,
               Simi Valley, CA 93062-5170
23819591      +Dcfs Usa Llc,   2050 Roanoke Rd,   Westlake, TX 76262-9616
23819592      +I.C. System Inc.,   444 Highway 96 East, P.O. Box 64887,   Saint Paul, MN 55164-0887
23819593      +Los Angeles County,   Treasurer and Tax Collector,   225 N. Hill Street,   POB 512102,
               Los Angeles, CA 90051-0102
23819594      +Los Angeles County Tax Collector,   POB 54018,   Los Angeles, CA 90054-0018
23819595      +Sepehr Kamjoo,   11040 Santa Monica Blvd, Suite 490,   Los Angeles, CA 90025-7547
23819596      +Us Bank Hogan Loc,   Po Box 5227,   Cincinnati, OH 45201-5227
23819597      +Us Bank/na Nd,   4325 17th Ave S,   Fargo, ND 58125-6200
23819599      +Wells Fargo Business D,   Po Box 29482,   Phoenix, AZ 85038-9482
23819600      +Wells Fargo Card Ser,   Po Box 5058,   Portland, OR 97208-5058
23819601      +Wf Fin Bank,   Po Box 182273,   Columbus, OH 43218-2273
23819602      +Wf Fin Bank/Wells Fargo Financial,   Attn: Bankruptcy Dept,
               2143 East Convention Center Way #200,   Ontario, CA 91764-5451
```

The following entities were served by electronic transmission on May 29, 2009.
```
tr            +EDI: QNKNUPFER.COM May 28 2009 23:43:00    Nancy Knupfer,   Danning, Gill, Diamond & Kollitz,
               2029 Century Park East, 3rd Floor,   Los Angeles, CA 90067-2901
smg            EDI: CALTAX.COM May 28 2009 23:43:00    Franchise Tax Board,   ATTN: Bankruptcy,   P.O. Box 2952,
               Sacramento, CA  95812-2952
23819581      +EDI: BECKLEE.COM May 28 2009 23:38:00    American Express,   c/o Becket and Lee,   Po Box 3001,
               Malvern, PA 19355-0701
23819583      +EDI: BANKAMER.COM May 28 2009 23:38:00    Bac / Fleet Bankcard,   Po Box 26012,
               Greensboro, NC 27420-6012
23819585      +EDI: BANKAMER.COM May 28 2009 23:38:00    Bank of America,   Attn: Bankruptcy NC4-10,
               POB 26012,   Greensboro, NC 27420-6012
23819584      +EDI: BANKAMER2.COM May 28 2009 23:43:00    Bank of America,   10850 White Rock Road, Suite 101,
               Rancho Cordova, CA 95670-6082
23819588      +EDI: CHASE.COM May 28 2009 23:43:00    Chase,   800 Brooksedge Blvd,
               Westerville, OH 43081-2822
23819596      +EDI: USBANKARS.COM May 28 2009 23:43:00    Us Bank Hogan Loc,   Po Box 5227,
               Cincinnati, OH 45201-5227
23819597      +EDI: USBANKARS.COM May 28 2009 23:43:00    Us Bank/na Nd,   4325 17th Ave S,
               Fargo, ND 58125-6200
23819598      +EDI: CHASE.COM May 28 2009 23:43:00    Washington Mutual Mortgage,
               Attn: Bankruptcy JAXA 2035,   7255 Bay Meadows Way,   Jacksonville, FL 32256-6851
23819600      +EDI: WFFC.COM May 28 2009 23:43:00    Wells Fargo Card Ser,   Po Box 5058,
               Portland, OR 97208-5058
```
                                                                                           TOTAL: 11

```
              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Exhibit #___2___ Page #___3___

```
District/off: 0973-2          User: wdelmundo          Page 2 of 2          Date Rcvd: May 28  2009
Case: 09-22372                Form ID: b9a             Total Served. 29
```

***** BYPASSED RECIPIENTS (continued) *****

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 30, 2009                    Signature:   _____

**Exhibit #  2   Page #  4**

1   A. David Youssefyeh (185994)
    Liza Youssefyeh (192945)
2   AIDIY LAW GROUP, P.C.
    1875 Century Park East, Suite 1025
3   Los Angeles, California  90067
    Telephone:   (310) 772-2872
4   Facsimile:    (310) 388-3907

5   Attorneys for Creditor,
    SEP KAMJOO
6

7                    UNITED STATES BANKRUPTCY COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         LOS ANGELES DIVISION

10

11  In re                                Case No. 2:09-bk-22372-ER

12    NICOLE MARIE WRIGHT,                Chapter 11

13       Debtor.
                                          **NOTICE OF MOTION AND MOTION FOR**
14                                        **ORDER AUTHORIZING BANKRUPTCY**
                                          **RULE 2004 EXAMINATION OF DEBTOR**
15                                        **AND FOR PRODUCTION OF**
                                          **DOCUMENTS; MEMORANDUM OF**
16                                        **POINTS AND AUTHORITIES;**
                                          **DECLARATION OF A. DAVID**
17                                        **YOUSSEFYEH IN SUPPORT THEREOF**

18
                                          **DOCUMENT PRODUCTION**
19                                        DATE:  August 12, 2009
20                                        TIME:   10:00 a.m.
                                          PLACE: 1875 Century Park East
21                                                Suite 1025
                                                  Los Angeles, CA  90067
22

23                                        **2004 EXAMINATION**
24                                        DATE:  August 13, 2009
                                          TIME:   10:00 a.m.
25                                        PLACE: 1875 Century Park East
                                                  Suite 1025
26                                                Los Angeles, CA  90067
27

28

                              – 1 –

1    TO THE HONORABLE U.S. BANKRUPTCY JUDGE ERNEST M. ROBLES:

2    Credit Sep Kamjoo hereby applies for the issuance of an order pursuant to Rule

3    2004 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2004-1,

4    authorizing the examination of the Chapter 7 debtor in the above referenced proceedings

5    (hereinafter the "debtor"), for examination on August 14, 2009, at 10:00 a.m. at the offices

6    of A|D|Y Law Group, P.C., located 1875 Century Park East, Suite 1025, Los Angeles, CA

7    90067, and to produce the documents set forth in Exhibit "A" attached to this motion and

8    incorporated herein by this reference. This Motion is based on the attached Memorandum

9    of Points and Authorities and supporting Exhibits.

10    PLEASE TAKE FURTHER NOTICE that due to debtor's refusal to extend the

11    deadline for nondischargeability of debts, the moving party hereby requests that the 2004

12    Examination be held prior to said deadline (August 17, 2009).

13

14    DATED: July 28, 2009            Respectfully submitted,

15                          A|D|Y LAW GROUP, P.C.

16

17

18                          By:_____/S/_____

19                            A. David Youssefyeh

20

21                          Attorneys for Creditor,
                            SEP KAMJOO

22

23

24

25

26

27

28

MOTION FOR ORDER AUTHORIZING BANKRUPTCY RULE 2004 EXAMINATION

**Exhibit #\_\_3\_\_ Page #\_\_2\_\_**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION & FACTS

Nicole Marie Wright (the "debtor") filed for relief under Chapter 7 of the U.S. Bankruptcy Code on May 20, 2009. Sep Kamjoo is debtor former accountant and is a creditor of the instant bankruptcy estate and is informed and believes that the debtor has failed to list valuable assets in her Bankruptcy Schedules and may have transferred valuable inventory on the eve of her bankruptcy filing. See attached Declaration of A. David Youssefyeh. No adversary proceedings, or contested matters are currently pending in the instant case. Id.

## II. LEGAL ARGUMENT

**A.    THIS COURT IS AUTHORIZED TO ORDER THIS EXAMINATION PURSUANT TO BANKRUPTCY RULE 2004(a)**

Federal Rule of Bankruptcy Procedure 2004 provides in pertinent part as follows:

> (a) On motion of any party in interest, the court may order the examination of any entity.
>
> (b) The examination of any entity under this rule or of the debtor under section 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect administration of the debtor's estate..."

**B.    AN EXAMINATION CANNOT PROCEED UNDER FRBP 7030 or 9014**

As noted in the Declaration of A. David Youssefyeh, an examination cannot proceed under FRBP 7030 or FRBP 9014 because no contested matters, or other action(s), are pending.

**C.    THIS COURT HAS THE AUTHORITY TO ORDER THE EXAMINATION ON LESS THAN 21 DAYS NOTICE**

Local Bankruptcy Rule 2004-1(c) provides that notice of a 2004 exam should be noticed 21 days out, "unless otherwise ordered by the court." In the case at bar, since the

MOTION FOR ORDER AUTHORIZING BANKRUPTCY RULE 2004 EXAMINATION

**Exhibit #__3__    Page #__3__**

1  deadline for nondischargability claims is currently set for August 17, 2009 and debtor is

2  unwilling to stipulate to a short continuance of the date, Credit Sep Kamjoo respectfully

3  requests that the 2004 examination be schedule with less than 21 days notice.

4

5                              **III. CONCLUSION**

6        WHEREFORE, Creditor Sep Kamjoo respectfully requests that this Court enter an

7  Order directing debtor to appear for examination as set forth above and to produce the

8  documents requested in Exhibit "A" attached hereto, upon the service on the Debtor of this

9  Motion and the Order Granting the Motion in advance of the examination.

10

11  DATED: July 28, 2009                    Respectfully submitted,

12                                          A|D|Y Law Group, P.C.

13

14

15                                          By: _____/S/_____

16                                                  A. David Youssefyeh

17

18                                          Attorneys for Creditor,
                                            SEP KAMJOO

19

20

21

22

23

24

25

26

27

28

────────────────────────────────────

– 4 –

MOTION FOR ORDER AUTHORIZING BANKRUPTCY RULE 2004 EXAMINATION

**Exhibit #** _3_ **Page #** _6_

| In re:<br>    NICOLE MARIE WRIGHT | CHAPTER  7 |
|---|---|
| Debtor(s). | CASE NUMBER  2:09-bk-22372-ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1875 Century Park East, Suite 1025, Los Angeles, CA  90067

The foregoing document described Adversary Complaint, Summons and Notice of Status Conference, Adversary Proceeding Cover Sheet will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 17, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Baruch C Cohen - bcc4929@aol.com
Nancy Knupfer - nknupferlaw@yahoo.com, nknupfer@ecf.epiqsystems.com
Cassandra J Richey - cmartin@pprlaw.net
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
Gilbert B Weisman - notices@becket-lee.com
Afshin Youssefyeh - ady@adylaw.com

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On August 18, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Nicole Marie Wright, 9461Charleville Blvd., #526, Beverly Hills, CA 90212

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 18, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Chambers of Honorable Ernest M. Robles - 255 E. Temple Street, Suite 1560, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 19, 2009 | A. David Youssefyeh | /s/ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                           **F 9013-3.1**

**Exhibit #____    Page #____**

**727OBJ**

# U.S. Bankruptcy Court
## Central District Of California (Los Angeles)
### Adversary Proceeding #: 2:09-ap-02009-ER

*Assigned to:* Ernest M. Robles
*Lead BK Case:* 09-22372
*Lead BK Title:* Nicole Marie Wright
*Lead BK Chapter:* 7
*Demand:* $80000000

*Date Filed:* 08/18/09

*Nature[s] of Suit:* 62 Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud
68 Dischargeability - 523(a)(6), willful and malicious injury
41 Objection / revocation of discharge - 727(c),(d),(e)

**Plaintiff**
-----------------------

**Sep Kamjoo**
11400 Santa Monica Blvd.
Suite 490
Los Angeles, CA 90025

represented by **Afshin Youssefyeh**
1875 Century Park East
Ste 1490
Los Angeles, CA 90067
310-772-2872
Fax : 310-388-3907
Email: ady@adylaw.com
*LEAD ATTORNEY*

V.

**Defendant**
-----------------------

**Nicole Marie Wright**
9461 Charleville Blvd # 526
Beverly Hills, CA 90212
SSN / ITIN: xxx-xx-4835

represented by **Baruch C Cohen**
4929 Wilshire Blvd Ste 940
Los Angeles, CA 90010
323-937-4501
Email: bcc4929@aol.com
*LEAD ATTORNEY*

**U.S. Trustee**
-----------------------

**United States Trustee (LA)**
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

| Filing Date | # | Docket Text |
|---|---|---|

Exhibit #___5___ Page #___1___

| 08/18/2009 | 1 | Adversary case 2:09-ap-02009. Complaint by Sep Kamjoo against Nicole Marie Wright. Fee Amount $250 (Attachments: # 1 Coversheet# 2 Summons) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)), (68 (Dischargeability - 523(a)(6), willful and malicious injury)), (41 (Objection / revocation of discharge - 727(c),(d),(e))) (Youssefyeh, Afshin) (Entered: 08/18/2009) |
| --- | --- | --- |
| 08/18/2009 | | Receipt of Complaint(2:09-ap-02009-ER) [cmp,cmp] ( 250.00) Filing Fee. Receipt number 10359838. Fee amount 250.00. (U.S. Treasury) (Entered: 08/18/2009) |
| 08/21/2009 | 2 | Summons Issued on Nicole Marie Wright Date Issued 8/21/2009, Answer Due 9/21/2009 (Lomeli, Lydia R.) (Entered: 08/21/2009) |
| 08/21/2009 | | Hearing Set (RE: related document(s) 1 Complaint filed by Plaintiff Sep Kamjoo) Status hearing to be held on 10/15/2009 at 10:00 AM at Crtrm 1568, 255 E Temple St., Los Angeles, CA 90012. (Lomeli, Lydia R.) (Entered: 08/21/2009) |
| 08/27/2009 | 3 | Summons Service Executed on Sep Kamjoo 8/25/2009 (Youssefyeh, Afshin) (Entered: 08/27/2009) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 09/08/2009 22:07:42 | | |
| **PACER Login:** | bc0167 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 2:09-ap-02009-ER Fil or Ent: filed From: 6/10/2009 To: 9/8/2009 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

Exhibit # 5   Page # 2